UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE LUIS FERRER GONZALEZ,

Petitioner,

v. Case No.: 2:26-cv-02185-SPC-KRH

ATTORNEY GENERAL *et al.*,

Respondents,

_______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Jorge Luis Ferrer Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Ferrer Gonzalez is a native of Cuba who was paroled into the United States on October 14, 2023. On February 27, 2026, local law enforcement arrested him for larceny, and immigration and Customs Enforcement ("ICE") issued an immigration warrant. Ferrer Gonzalez was transferred to ICE custody the next day, and ICE issued a notice to appear. An immigration judge ordered Ferrer Gonzalez removed on May 14, 2026, and Ferrer Gonzalez did not appeal. He now challenges the lawfulness of his continued detention.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period,

which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Here, the 6-month period commenced when the removal order became administratively final on June 15, 2026. Thus, Ferrer Gonzalez's detention is presumptively reasonable. If the government is unable to remove Ferrer Gonzalez by December 12, 2026, he may seek relief under *Zadvydas*.

Accordingly, it is hereby

**ORDERED:**

Jorge Luis Ferrer Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on August 10, 2026.

Sheri Polster Chappell

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

SA: FTMP-1
Copies: All Parties of Record